IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:10-HC-2130-FL

GEORGE ALBERT HOOD, )
)
      Petitioner, )
)
v. ) ORDER
)
TRACY W. JOHNS, )
)
      Respondent. )

This case comes now before the court on respondent's motion to dismiss (DE # 14) filed December 21, 2010. On January 14, 2011, petitioner filed a response (DE # 21) opposing the motion to dismiss. The matter is ripe for ruling.

## STATEMENT OF THE CASE

As discussed below, petitioner has another matter pending before the court. He is respondent in United States v. Hood, No. 5:07-HC-2152-FL (E.D.N.C.), a proceeding brought by the government pursuant to 18 U.S.C. § 4248, to seek certification of petitioner as a sexually dangerous person. Petitioner's § 4248 action was commenced nearly three years prior to the instant matter, on August 13, 2007. Petitioner brought the present action on June 28, 2010. Respondent filed a motion to dismiss on December 21, 2010, and petitioner filed his response opposing the motion on January 14, 2011.

## DISCUSSION

In support of dismissal, respondent cites the recent decision in Timms v. Johns, 627 F.3d 525 (4th Cir. 2010), wherein the United States Court of Appeals for the Fourth Circuit found that habeas petitioner Gerald Wayne Timms failed to exhaust alternative remedies available for review of his detention pursuant to 18 U.S.C. § 4248 and failed to demonstrate exceptional circumstances

sufficient to excuse his failure. The court determined that the district court should have refrained from exercising jurisdiction over Timms' habeas petition. The Fourth Circuit vacated the district court's order granting habeas relief, and remanded to the district court with instructions to dismiss without prejudice Timms' habeas petition. Mandate in Timms was issued on January 28, 2011.

Like Timms, petitioner is presently detained pending commitment proceedings under 18 U.S.C. § 4248. Because the § 4248 action remains pending against him, Timms holds that petitioner has not exhausted all remedies therein. Nonetheless, petitioner contends that the decision in Timms does not control the disposition of his present petition for habeas corpus. Specifically, he asserts, "The Fourth Circuit went to great lengths to show Timms [sic] simply failed to reach the bar of Boumediene v. Bush, 128 S. Ct. 2229 [sic]. . . . This petitioner contends that his claims do meet that high bar." (Resp. Mot. Dismiss at 1.)

The habeas petitioners in Boumediene were detained at the United States Naval Station at Guantanamo Bay, Cuba, pursuant to Combatant Status Review Tribunals which had determined them to be enemy combatants. Boumediene v. Bush, 553 U.S. 723, 732-33 (2008). The Supreme Court held that the review procedures available to the Boumediene petitioners under the Detainee Treatment Act of 2005 were "an inadequate substitute for habeas corpus; and that petitioners in these cases need not exhaust the review procedures in the Court of Appeals before proceeding with their habeas actions in the District Court." Id. at 795.

The Fourth Circuit distinguished the situation of the Guantanamo detainees from that of Timms:
> In Boumediene, the government detained enemy combatants at Guantanamo Bay for up to six years "without the judicial oversight that habeas corpus or an adequate substitute demands." Given the extended delay that had already transpired and the lack of probability that an Article III court "could complete a prompt review of [the

2

> detainees'] applications," the Supreme Court held that it would not require the "exhaustion of alternative remedies."
>
> Here, in contrast, the government has not detained Timms in its custody pursuant to an administrative scheme similar to the military procedure in Boumediene, nor has the government detained Timms while depriving him of judicial oversight. ... The *delay* in the judicial review of the Timms' detention has not resulted from the actions of the [Bureau of Prisons] or an administrative review process. Rather, the delay has resulted from the district court's unopposed and unchallenged order placing the Commitment Action in abeyance pending the outcome of the appeals in Comstock.

Timms, 627 F.3d at 532-33 (citations omitted) (emphasis in original).

Petitioner's argument is that the delay in his § 4248 action, which has been longer than Timms', constitutes an "exceptional circumstance" warranting the exercise of habeas jurisdiction prior to the exhaustion of alternative remedies. Petitioner's circumstances are somewhat different from Timms' in that the delay in petitioner's § 4248 action has lasted a year longer than Timms'.[1] However, a large portion of the delay in both Timms' and petitioner's § 4248 actions was the result of court orders holding the cases in abeyance pending the outcome of appellate litigation. See Order Granting Stay, United States v. Hood, No. 5:07-HC-2152-FL (E.D.N.C. Jan. 8, 2008) (DE # 9); Abeyance Order, United States v. Timms, No. 5:08-HC-2156-BO (E.D.N.C. Oct. 28, 2008) (DE # 13);[2] see also United States v. Comstock, 507 F. Supp. 2d 522 (E.D.N.C. 2007), aff'd, 551 F.3d 274 (4th Cir. 2009), rev'd in part, 130 S. Ct. 1949 (2010), rev'd 627 F.3d 513 (4th Cir. 2010).

Additionally, Timms did not oppose or challenge the court's *sua sponte* stay of Timms' § 4248 proceedings. Timms, 627 F.3d at 533. Petitioner, on the other hand, did oppose the stay of

---

[1] Petitioner's § 4248 action was initiated on August 13, 2007. Timms' § 4248 action was initiated on October 23, 2008.

[2] Timms' § 4248 action was initiated after Senior Judge W. Earl Britt ordered a stay in all § 4248 actions then pending in the jurisdiction of the Eastern District of North Carolina, including petitioner's § 4248 action.

3

his § 4248 proceedings. See Response in Opposition to Motion to Stay, United States v. Hood, No. 5:07-HC-2152-FL (E.D.N.C. Oct. 5, 2007) (DE # 9). The court granted the stay over petitioner's objection. Petitioner did not, however, appeal to the Fourth Circuit in order to challenge the court's order granting the stay.

For one year after the stay order, petitioner filed no documents at all in the § 4248 action. On January 9, 2009, petitioner filed a motion for release from custody. United States v. Hood, No. 5:07-HC-2152-FL (E.D.N.C.) (DE # 14). On January 22, 2009, the government filed a motion to continue the stay, which also opposed petitioner's motion for release. Id. (DE # 16). The court did not rule on these matters, and petitioner did not file any further documents, until after the Supreme Court's May 17, 2010, decision in United States v. Comstock, 130 S. Ct. 1949 (2010). On June 11, 2010, the court denied petitioner's motion for release and lifted the stay in the § 4248 action. Order, United States v. Hood, No. 5:07-HC-2152-FL (E.D.N.C. June 11, 2010) (DE # 17).

Since the stay was lifted, petitioner has actively pursued and continues to pursue remedies within the § 4248 action. See United States v. Hood, No. 5:07-HC-2152-FL (E.D.N.C.) (DE # 19, 24, 26, 34, and 36). Although petitioner, acting *pro se* despite being represented by counsel, has filed a motion for a hearing on the merits in the § 4248 action (Id., DE #26), it should be noted that petitioner did not request such a hearing until October 5, 2010, over three months after he filed his petition for writ of habeas corpus.

The court finds that the remedies available to petitioner within the § 4248 action are an adequate substitute for habeas corpus. Those remedies remain unexhausted. The court further finds that petitioner's circumstances, including a longer delay than that of Timms, are not so exceptional as to excuse petitioner from pursuing alternate remedies in the § 4248 action. The Fourth Circuit

4

in Timms noted that "unlike in the case of Boumediene, we have no reason to doubt that the district court will now promptly review Timms' detention under § 4248 in the Commitment Action." Timms, 627 F.3d at 533. Likewise, it is this court's intention to promptly review petitioner's pending § 4248 action.

Accordingly, respondent's motion to dismiss is hereby GRANTED, and the petition for writ of habeas corpus is DISMISSED WITHOUT PREJUDICE. The Clerk is DIRECTED to CLOSE this case.

SO ORDERED, this 4th day of February 2011.

LOUISE W. FLANAGAN
Chief United States District Judge